MARÍA MILLÁN RIVERA, demandante y recurrente, *v.* ANTERO SOLÍS LAZÚ, demandado y recurrido.

*Número:* 143   *Resuelto:* 23 de mayo de 1962

*José Aulet,* abogado de la recurrente; *Águedo Mojica Marrero,* abogado del recurrido.

Sala integrada por el Juez Asociado Señor Belaval como Presidente de Sala y los Jueces Asociados Señores Hernández Matos y Santana Becerra.

El Juez Asociado Señor Belaval emitió la opinión del Tribunal.

El 27 de febrero de 1951, cuando se dicta sentencia por el anterior Tribunal de Distrito de Puerto Rico, Sección de Humacao, decretando el divorcio de María Millán Rivera y Antero Solís Lazú, concediendo la custodia de los hijos menores del matrimonio, Luis Alberto y Marilda Solís, a la recurrente María Millán Rivera y fijando la pensión alimenticia que debía proveer el recurrido Antero Solís para el sostenimiento de sus dos hijos, regía en Puerto Rico, en cuanto al distrito donde debía radicarse la acción de divorcio y las providencias incidentales sobre relaciones de familias y pensión alimenticia, la disposición del Art. 81 del Código de Enjuiciamiento Civil, antes de ser enmendada, que establecía que tal acción debía verse en el distrito en que residiera el demandado, en este caso, el recurrido Antero Solís.

El 24 de noviembre de 1958, cuando se dicta sentencia por el actual Tribunal Superior de Puerto Rico, Sala de San Juan, decretando la desestimación por falta de jurisdicción, de la solicitud pidiendo modificación de las relaciones de familia y aumento de la pensión alimenticia, regía en Puerto Rico, en cuanto al sitio donde debía radicarse la acción solicitando alimentos, la disposición del Art. 81 del Código de Enjuiciamiento Civil, después de enmendado por la Ley

número 16 de 21 de abril de 1954, que establecía que tal acción, cuando se tratara de menores de 21 años de edad al momento de iniciarse la acción, como es este caso, debía radicarse "en la Sala del Tribunal Superior de Puerto Rico correspondiente a la demarcación territorial en que residiere el demandante", en este caso, la recurrente María Millán Rivera en representación de sus hijos menores de edad Alberto y Marilda Solís Millán.  No hay duda que los menores recurrentes residen dentro de la demarcación territorial correspondiente a la Sala de San Juan del Tribunal Superior de Puerto Rico.

La Sala de San Juan, al desestimar por falta de jurisdicción, la solicitud de modificación y aumento a que nos hemos referido anteriormente, expuso los siguientes fundamentos: "Hemos tenido presente las disposiciones del art. 81 del Código de Enjuiciamiento Civil, según fue enmendado por la Ley 16 de abril 21 de 1954 y la Regla 3 de las Reglas de Procedimiento Civil, que estaban en vigor en 31 de julio de 1958 y encontramos que tales disposiciones no son aplicables a este caso por tratarse aquí mas bien de una cuestión jurisdiccional y resolvemos que este Tribunal no puede, en forma alguna, modificar lo resuelto por otra Sala de este mismo Tribunal Superior y, por lo tanto, procede que se desestime y al efecto se desestima, la demanda, pudiendo la parte demandante acudir ante el Tribunal Superior de Puerto Rico, Sala de Humacao, a solicitar el pretendido aumento de la pensión alimenticia y modificación de las relaciones paterno filiales.

"En forma alguna prejuzgamos el derecho que pueda tener la demandante a solicitar de la Sala de Humacao del Tribunal Superior de Puerto Rico, el traslado de cualquier moción relacionada a estos extremos para ante este Tribunal."

Para situar bien la enmienda al Art. 81 del 1954, conviene revisar brevemente la reorganización de nuestros tribunales desde el año 1946.  La Ley Número 212 de 26 de marzo de 1946, reorganizando la anterior Corte de Distrito

de San Juan y creando el anterior Tribunal del Distrito
Judicial de San Juan, instauró una Sección de Relaciones
de Familia que entendería en las acciones de divorcio, ali-
mentos y en todos los remedios auxiliares o procedimientos
incidentales que se suscitaren, surgieren o se solicitaren
dentro de dichas acciones o procedimientos. Sin llegar a la
formalidad de una sala aparte, cada Corte de Distrito tenía
en sus calendarios civiles regulares, un espacio especial dedi-
cado a atender los llamados casos de relaciones de familia,
como algo distinto a los casos tutelares de los menores delin-
cuentes o niños abandonados cubiertos por la anterior Ley
número 37 de 11 de marzo de 1915. No hay duda que entre
los remedios auxiliares y los procedimientos incidentales a
las acciones de divorcio, estaba comprendida la fijación de
la custodia de los hijos menores y las relaciones de familia
de los hijos con los padres divorciados. La Ley número 432
de 15 de mayo de 1950, creando el Tribunal de Distrito de
Puerto Rico, aunque tenía el propósito de crear un solo tri-
bunal para la Isla, dividido en distintas secciones, pero todas
con igual autoridad mediante sumisión, para entender en
cualquier asunto civil, sin sujeción a las reglas de jurisdicción
o competencia de las anteriores sedes territoriales, le reservó
a los magistrados del Tribunal de Distrito de Puerto Rico,
las mismas facultades, deberes y funciones que tenían en las
anteriores cortes de distrito, incluso respetando la inamovi-
lidad de los magistrados dentro de sus sedes judiciales.

La Ley número 11 de 24 de julio de 1952, creando el
Tribunal General de Justicia del Estado Libre Asociado de
Puerto Rico, y como formando parte de éste, el Tribunal
Superior de Puerto Rico, aunque tenía el propósito de crear
un solo tribunal para la Isla, dividido en salas, pero todas
con igual autoridad, mediante sumisión, para entender en
cualquier asunto civil, sin sujeción a las reglas de jurisdic-
ción o competencia de las anteriores secciones territoriales,
le reservó a los magistrados del Tribunal Superior de Puerto
Rico, las mismas facultades, deberes y funciones que tenían

en el anterior Tribunal de Distrito de Puerto Rico, aunque autorizando la movilidad de los magistrados fuera de sus sedes judiciales habituales.

Cuando se examinan conjuntamente las dos leyes que reorganizan la Judicatura de Puerto Rico, en los aspectos pertinentes a esta cuestión litigiosa, se ve que la Ley número 432 de 15 de mayo de 1950 lo que autorizó fue una más ancha movilidad en cuanto a las acciones reales y personales que exigían un lugar del juicio (*venue*) definido y la Ley número 11 de 24 de julio de 1952, además de autorizar la movilidad de las acciones reales y personales, autorizó una mayor movilidad de los magistrados, dentro o fuera de sus sedes y categorías judiciales. ■

La importancia que reviste la enmienda del art. 81 de 1954, ordenando que los casos de alimentos se radiquen en el sitio donde residen los menores, es que se trata de un pronunciamiento legislativo, hecho después de la reforma al sistema judicial de 1950 y 1952, restaurando el anterior concepto de la sede territorial para el caso especial de alimentos de menores, como es sabido, cuestión de un alto interés público. Lo mismo podría decirse de la Ley número 71 de 18 de junio de 1957, enmendado el Art. 395 de la Ley Hipotecaria, que ordena a todo propietario que careciere de título inscrito, cualquiera que sea la época en que hubiese tenido lugar la adquisición, para justificar su dominio, presentar su solicitud "en la Sala del Tribunal Superior del *territorio* en que radiquen los bienes". Véase *Rodríguez* v. *Registrador*, 75 D.P.R. 712, (Ortiz) (Negrón Fernández, Sifre y Belaval disidentes), (1953), cita precisa a las págs. 736–739; 740–741; 741–760. La enmienda del Art. 81 le confiere facultad para entender de esta cuestión al Tribunal Superior de Puerto Rico, Sala de San Juan, que es donde residen los menores recurrentes. ■

Tal vez el fundamento principal que tuvo la ilustrada Sala sentenciadora para desestimar la acción de alimentos, fuera, que habiendo intervenido la Sala de Humacao en la

fijación de los mismos al pasar sobre el divorcio de los padres, según el Art. 107 del Código Civil de Puerto Rico, enmendado, ninguna otra Sala del Tribunal Superior de Puerto Rico, debía pasar sobre cualquier modificación ulterior de los mismos. La regla sentada por la ilustrada Sala de San Juan es saludable, y está encaminada a evitar el caos que traería la relitigación viciosa por distintas Salas, pero tenemos que condicionarla a que se trate de un fallo que disponga finalmente de los méritos de la cuestión. Lo malo con las adjudicaciones sobre alimentos y relaciones de familia es, que por su propia naturaleza, no pueden considerarse finalmente resueltas (*finality*) y como cuestión de realidad jurídica, cada nueva modificación, constituye una nueva **acción**: *Sacarello* v. *Rubio*, 44 D.P.R. 883, (Del Toro) (1933), cita precisa a la pág. 886; *Meléndez* v. *Tribunal Superior*, 77 D.P.R. 535 (Pérez Pimentel), (1954), cita precisa a la pág. 539.

*Siendo esto así, debe revocarse la sentencia dictada por la Sala de San Juan desestimando la acción y ordenarle proceda dicha Sala a entender del caso en sus méritos.*