Elvin Rodríguez Cintrón et als., peticionarios, *v.* Tribunal Superior de Puerto Rico, Sala de Ponce, Hon. Felipe Ortiz Ortiz, Juez, demandado.

*Número:* O-75-239 *Resuelto:* 11 de septiembre de 1975

*Goldman, Antonetti, Barreto, Curbelo & Dávila* y *José A. Lebrón Tirado,* abogados de Green Giant Company y la Shade Tobacco Growers Agricultural Association.

PER CURIAM: Contra la Green Giant Co., empresa con oficinas principales fuera de Puerto Rico, y la St. Paul Fire & Marine Ins. Co., cuyo agente general para Puerto Rico tiene sus oficinas principales en San Juan, varios trabajadores migrantes radicaron ante la Sala de Ponce del Tribunal Superior de Puerto Rico sendas demandas relacionadas con la interpretación de un contrato agrícola suscrito en San Juan para ser ejecutado fuera de Puerto Rico. Las demandadas solicitaron el traslado del caso a la Sala de San Juan alegando que las acciones personales deben ventilarse en la Sala del "distrito" donde residen los demandados, o cualquiera de ellos. Regla 3 de las de Procedimiento Civil de 1958, 32 L.P.R.A. Ap. II, R. 3; Código de Enjuiciamiento Civil, 1933, Art. 81, 32 L.P.R.A. sec. 407. Alegaron además que ante la Sala de San Juan se encuentran pendientes varios pleitos contra dichas demandadas que tratan sobre la interpretación del mismo contrato.

La Sala de Ponce ordenó el traslado del caso a la Sala de San Juan por el fundamento de que el agente general para Puerto Rico de la codemandada Saint Paul Fire & Marine Ins. Co. tiene sus oficinas principales en San Juan, y por haberse otorgado en esa ciudad el contrato objeto del litigio.

Al día siguiente de haber sido dictada la orden de traslado los demandantes aquí peticionarios presentaron en cada uno de sus respectivos casos un aviso de desistimiento en el que informaban al tribunal haber desistido voluntariamente de su reclamación contra la St. Paul Fire & Marine Ins. Co., quien hasta ese momento aún no había notificado contestación a la demanda. Regla 39.1 de las de Procedimiento Civil de 1958, 32 L.P.R.A. Ap. II, R. 39.1; *Kane* v. *República de Cuba*, 90 D.P.R. 428 (1964). Conjuntamente presentaron una moción solicitando reconsideración de la resolución que ordenaba el traslado por el fundamento de que por no tener residencia en Puerto Rico la demandada Green Giant Co., podían los demandantes escoger la Sala de la "demarcación territorial" [1] en que desearen ventilar su acción según lo autoriza el Art. 81 del Código de Enjuiciamiento Civil, 1933, 32 L.P.R.A. sec. 407. Invocaron además los demandantes su condición de pobreza para demostrar lo oneroso que les resultaría litigar fuera del lugar de su residencia. Dicha moción de reconsideración también fue declarada sin lugar.

Luego de una tercera moción de reconsideración la Sala de Ponce sostuvo el traslado resolviendo que el pleito debe ventilarse en la Sala de la demarcación territorial en que residieren las partes demandadas, o alguna de ellas, *al iniciarse el litigio*, (Art. 81 C. de Enj. Civil), cuyo requisito se cumplió al inicio del pleito por ser la compañía de seguros codemandada residente de San Juan.

Concedimos a la recurrida Green Giant Co. un término para mostrar causa por la cual no debía expedirse el auto

---

[1] 4 L.P.R.A. sec. 63, Historial. Véase además *Aetna Ins. Co.* v. *Tribunal Superior*, 103 D.P.R. 480 (1975).

solicitado para dejar sin efecto la resolución del tribunal de instancia que decretaba el traslado del caso de la Sala de Ponce a la Sala de San Juan. Examinamos la mostración de causa de la recurrida en la que insiste en que el factor determinante del traslado es la residencia de las partes demandadas al momento de iniciarse el litigio.

■ Si bien es cierto que la residencia de las partes demandadas al iniciarse el pleito determina la demarcación territorial donde debe ventilarse éste, (lo cual impide que una parte demandada pretenda valerse de un cambio posterior de residencia para obtener un traslado del pleito), ello no significa que un demandante no pueda desistir oportunamente de su causa de acción contra una codemandada que tendría derecho al traslado, y al así hacerlo conservar su derecho a que, en ausencia de cualquier otra causa que justifique un traslado, el pleito continúe ventilándose en el lugar donde se inició.

■ En el caso de autos, la presencia en el pleito de la compañía de seguros codemandada era el único motivo por el cual hubiese procedido el traslado a San Juan.(2) Por tanto, una vez los demandantes desistieron de su causa de acción contra dicha codemandada, y teniendo la única demandada que queda en el pleito su residencia fuera de Puerto Rico, se ha tornado académico el traslado decretado y puede continuar ventilándose el caso en la Sala en la que se inició por los demandantes según autoriza el citado Art. 81 del Código de Enjuiciamiento Civil. Véase *Veve et al.* v. *The Fajardo Development Co.*, 15 D.P.R. 577, 581–582 (1909).

*Se expedirá el auto solicitado y se dictará sentencia revocando la resolución recurrida y devolviendo el caso al tribunal de instancia para la continuación de los procedimientos.*

---

(2) El hecho de que el contrato objeto del litigio se hubiese perfeccionado en San Juan, donde le impartió su aprobación el Secretario de Trabajo, por sí solo no ofrece base procesal que justifique el traslado.