ILEANA SANTÍN GONZÁLEZ, demandante y peticionaria, *v.* ENRIQUE GRAU PELEGRÍ, demandado y recurrido.

*Número:* CE-88-659      *Resuelto:* 13 de diciembre de 1988

*Alfredo Castro Mesa,* abogado de la peticionaria; el recurrido no compareció.

## SENTENCIA

La peticionaria Ileana Santín González acude ante este Tribunal en revisión de una resolución, emitida en reconsideración, por el Tribunal Superior de Puerto Rico, Sala de Bayamón,[1] mediante la cual se dejó sin efecto una orden que

[1] Hon. Juez Ronaldo Rodríguez Osorio.

traslada a la Sala de San Juan del Tribunal Superior una demanda de alimentos que ella había presentado contra su esposo Enrique Grau Pelegrí en la Sala de Bayamón.[2]

Surge de la solicitud de *certiorari* presentada y de sus anejos, que al momento de presentarse la demanda de alimentos por la peticionaria, ésta residía con sus dos (2) hijos menores de edad en Guaynabo, Puerto Rico; esto es, en jurisdicción de la Sala de Bayamón del Tribunal Superior. Igualmente surge del recurso presentado que, debido principalmente a la inexplicable tardanza con que el tribunal de instancia ha manejado la referida demanda, la peticionaria se vio obligada a desalojar la casa en donde residía y a mudarse a la jurisdicción de la Sala de San Juan del Tribunal Superior, hecho que acreditó debidamente —mediante declaración jurada— ante el tribunal de instancia.

Conforme a las disposiciones de la Regla 3.4 de Procedimiento Civil, 32 L.P.R.A. Ap. III, los pleitos de reclamación de salarios *y alimentos* deberán tramitarse en la sección o sala correspondiente a la residencia del demandante. A pesar de que para propósitos de determinar la competencia de un tribunal, de ordinario se toma en consideración la residencia al momento de iniciarse el pleito, *Rodríguez Cintrón v. Tribunal Superior*, 104 D.P.R. 31, 34 (1975), bajo los hechos específicos de este caso, y a manera de excepción, procedía el traslado de la reclamación de alimentos pendiente ante la Sala de Bayamón a la de San Juan. Después de todo, en casos de alimentos de menores "[el] interés público no puede ser otro que el de proveer para la litigación de estas acciones el foro más conveniente al bienestar de los menores desde el punto de vista de la rapidez y la economía en el trámite". *Guadalupe Viera v. Morell*, 115 D.P.R. 4, 10 (1983).

---

[2] Consolidada dicha demanda de alimentos con una demanda de divorcio posteriormente presentada por el esposo de la peticionaria, el recurrido Enrique Grau Pelegrí.

Al estar estos casos revestidos de un alto interés público, la Sala de San Juan deberá tramitar, *con carácter preferente*, la reclamación de alimentos en controversia. Véanse: *Martínez v. Rivera Hernández*, 116 D.P.R. 164 (1985); *Rodríguez Avilés v. Rodríguez Beruff*, 117 D.P.R. 616 (1986).

Así lo pronunció y manda el Tribunal y certifica el señor Secretario General. El Juez Asociado señor Rebollo López emitió opinión concurrente. El Juez Asociado señor Ortiz no intervino.

(*Fdo.*) Francisco R. Agrait Lladó
*Secretario General*

—O—

Opinión concurrente emitida por el Juez Asociado Señor Rebollo López.

Concurrimos *plenamente* con la sentencia que emite el Tribunal en el presente caso. Situaciones como las que presenta el recurso ante nuestra consideración no deberían de ocurrir en nuestra jurisdicción. La misma demuestra, de parte del juez de instancia,(1) una incomprensible insensibilidad y un total incumplimiento con lo preceptuado por la ley sobre la materia y la jurisprudencia interpretativa de la misma; conducta que amerita nuestra más enérgica censura. Ante dicha situación, consideramos nuestra obligación expresarnos por separado.

I

Veamos los hechos. El *5 de mayo de 1988* la demandante peticionaria Ileana Santín González radicó ante el Tribunal Superior de Puerto Rico, *Sala de Bayamón,* una demanda contra su esposo Enrique Grau Pelegrí en la que reclamaba

---

(1) Hon. Ronaldo Rodríguez Osorio, Juez.

alimentos para ella y sus dos hijos menores —de seis y siete años de edad— habidos en el matrimonio de ambos. Expuso en la misma que el referido demandado había abandonado su hogar, careciendo ella y sus hijos "de toda clase de recursos para sufragar los gastos de alimentación, vestuario y alojamiento" y que éste no estaba contribuyendo en ese momento con suma alguna de dinero para esos propósitos. La referida demanda de alimentos fue radicada ante la Sala de Bayamón del Tribunal Superior por razón de que la demandante y sus hijos, para la fecha de la radicación de la misma, tenían fijada su residencia en el pueblo de Guaynabo, Puerto Rico, el cual forma parte del distrito judicial de Bayamón.

El tribunal de instancia —en abierta violación de las disposiciones de los Arts. 618 y 623 del Código de Enjuiciamiento Civil, 32 L.P.R.A. secs. 2971 y 2824—(2) señaló la vista para el día 19 de julio de 1988. La representación legal contratada por el demandado Grau Pelegrí —un bufete compuesto por un sinnúmero de abogados— solicitó suspensión de la vista señalada para el 19 de julio por razón de que el abogado a quien le había sido asignado el caso en dicho bufete estaría de vacaciones para esa fecha, solicitud que acogió el foro de instancia, transfiriendo la vista para el día *24 de agosto de 1988*.

Mediante escrito titulado "Urgente moción sobre vista de alimentos" de fecha 19 de julio de 1988, la aquí peticionaria Santín González —luego de exponer que su situación era de tal naturaleza precaria que no había podido pagar la renta

---

(2) El citado Art. 618 dispone, en lo pertinente, que toda "reclamación sobre *alimentos provisionales* se tramitará en la forma prescrita para el juicio de desahucio". (Énfasis suplido.) 32 L.P.R.A. sec. 2971.

Por su parte, el Art. 623 de dicho código establece:

"Se promoverá el juicio por medio de demanda redactada conforme a lo prescrito para el juicio ordinario en el Código de Enjuiciamiento Civil y presentada aquélla, *se mandará convocar al actor y al demandado para comparecencia que deberá celebrarse dentro de los diez (10) días siguientes a aquél en que se presente la reclamación*." (Énfasis suplido.) 32 L.P.R.A. sec. 2824.

del hogar en que convivía con sus hijos desde el mes de mayo de 1988, como tampoco había podido cubrir los gastos de alimentos, luz y agua— solicitó del foro de instancia que adelantara el señalamiento de la vista. Nada obtuvo.

Con fecha de 29 de julio de 1988, la representación legal del demandado recurrido sometió una solicitud de renuncia de representación legal. No obstante la oposición de la peticionaria, la cual catalogó dicha solicitud como una táctica dilatoria por parte del demandado recurrido, el tribunal de instancia accedió a la misma mediante orden notificada con fecha de 4 de agosto de 1988 *en la cual le concedió el término de treinta (30) días al demandado para anunciar su nueva representación legal.* Ello tuvo el efecto, naturalmente, de automáticamente suspender el señalamiento de 24 de agosto de 1988, *quedando el caso sin señalamiento de clase alguna.*

Así las cosas, con fecha de 7 de septiembre de 1988 el demandado recurrido Grau Pelegrí, mediante nueva representación legal, radicó ante el Tribunal Superior de Puerto Rico, Sala de Bayamón, una demanda de divorcio contra la aquí peticionaria por la causal de trato cruel, solicitando mediante moción a esos efectos que dicho caso fuera consolidado con el de alimentos previamente radicado por la peticionaria Santín González. No obstante la oposición de dicha peticionaria, el tribunal de instancia —Hon. Ronaldo Rodríguez Osorio, Juez— accedió a la consolidación solicitada, decretando que la oposición radicada por la peticionaria era "académica".

La peticionaria, mediante moción de fecha 30 de septiembre de 1988, solicitó del foro de instancia que ordenara el traslado de los casos (alimentos y divorcio) a la Sala de San Juan del Tribunal Superior de Puerto Rico. Fundó su solicitud a esos efectos en una *declaración jurada* en la cual expuso, en síntesis y en lo pertinente, que ya no residía en el pueblo de Guaynabo por razón de que se había visto obligada

a entregar la casa en que vivía con sus hijos al no poder pagar los cánones de arrendamiento de la misma y que había fijado el domicilio de ella y sus hijos en jurisdicción de la ciudad de San Juan, Puerto Rico,[3] con una familia que le había "dado albergue".

Dicha solicitud fue declarada con lugar mediante orden de fecha 3 de octubre de 1988 emitida por el tribunal de instancia. Solicitada la reconsideración de dicha orden de traslado por el recurrido Grau Pelegrí —basada la reconsideración en que la peticionaria alegadamente estaba *forum shopping*— el tribunal de instancia dejó sin efecto la orden de traslado que había emitido.

En revisión de la referida resolución, vía *certiorari*, es que acude ante este Tribunal la peticionaria Santín González.

## II

Resultan incontables las ocasiones en que este Tribunal ha señalado que los casos de alimentos, en específico los relativos a menores de edad, están revestidos del más alto interés público. Véanse, entre otros: *Martínez v. Rivera Hernández*, 116 D.P.R. 164 (1985); *Otero Fernández v. Alguacil*, 116 D.P.R. 733 (1985); *Rodríguez Avilés v. Rodríguez Beruff*, 117 D.P.R. 616 (1986); *Quiñones v. Jiménez Conde*, 117 D.P.R. 1 (1986); *López v. Rodríguez*, 121 D.P.R. 23 (1988).

Por otro lado, en varias ocasiones hemos expresado gran preocupación e inquietud *por la lentitud* con que se tramitan estos asuntos a nivel del tribunal de primera instancia. A esos efectos, en *Quiñones v. Jiménez Conde*, ante, pág. 6 — caso que se trataba de la acumulación innecesaria e impagada de una pensión alimenticia de menores decretada en la sentencia de divorcio dictada y que catalogamos como un

---

[3] En la Calle 2 NE, No. 1231, Puerto Nuevo, Puerto Rico.

ejemplo más de la manera inaceptable en que se llevan a efecto los procedimientos relativos a pensiones alimenticias para beneficio de los hijos menores de edad procreados durante el matrimonio en un considerable número de casos ante los tribunales de instancia— manifestamos:

*Estamos conscientes de lo recargados de trabajo que se encuentran los señores jueces de instancia que presiden las salas de relaciones* de familia. Ello no obstante —y mientras la situación presupuestaria de la rama judicial, y del país en general, no permita un aumento razonable en el personal asignado para atender dichas salas— *los incumbentes deben estar prestos a realizar esfuerzos extraordinarios con el propósito de lograr un alivio en la situación imperante; la misma, y el futuro de esos menores de edad, así lo exige y requiere. Aquel que esté dispuesto a enfrentarse a la situación con dedicación y sacrificio definitivamente habrá demostrado que está capacitado para desempeñar tan delicada labor.*

La solución del problema, como expresáramos en *Martínez v. Rivera Hernández*, ante, requiere que se actúe con "creatividad e imaginación. . . ". Los tribunales de instancia deberán implantar a la brevedad posible aquellos procedimientos o sistemas que hagan viable el darle "seguimiento automático" a los casos; esto es, mecanismos que impidan situaciones como la ocurrida en el presente caso: una suma de dinero adeudada de tal magnitud que difícilmente podrá ser recobrada en su totalidad, con el consabido perjuicio a los menores envueltos. *Ello requiere que los jueces de instancia realicen aquellos ajustes necesarios en sus calendarios y horario de trabajo que les permitan disponer en una forma más rápida y eficiente de los procedimientos y asuntos relativos a las pensiones alimenticias de forma tal que cuando actúen sobre los mismos no se encuentren frente a una situación insoluble. Ex Parte Valencia, ante. La situación es tan grave que se requiere que se le dé a la misma la mayor prioridad.* (Énfasis suplido.)

## III

Nos resulta verdaderamente difícil aceptar la actitud insensible y displicente observada por el juez de instancia en el

presente caso. Todos aquellos que han practicado la profesión de abogado, especialmente aquellos que han desempeñado el honroso cargo de juez a nivel de instancia, saben que no hay congestión posible en el calendario de un juez del tribunal de primera instancia que justifique la conducta judicial aquí en controversia. Actuaciones como las aquí ocurridas son las que, desafortunadamente para el sistema, empañan la imagen de la justicia que se imparte en nuestra Isla y las que afectan el buen nombre y la reputación del resto de los integrantes de la Rama Judicial puertorriqueña que diariamente laboran con interés y orgullo por el bienestar de la ciudadanía en general.

El juez de instancia en el presente caso *tenía que saber* que el antes citado Art. 618 del Código de Enjuiciamiento Civil, ante, dispone, en lo pertinente, que toda "reclamación sobre alimentos provisionales se tramitará en la forma prescrita para el juicio de desahucio", y que, a su vez, el Art. 623 de dicho código, ante, establece en lo pertinente que, presentada una demanda de desahucio, el tribunal citará al demandado "para comparecencia que deberá celebrarse dentro de los diez (10) días siguientes a aquél en que se presente la reclamación". Por otro lado, dicho magistrado igualmente *debía de conocer* nuestras decisiones a los efectos de que estos casos están revestidos de un alto interés público y, en consecuencia, nuestras directrices de que los mismos *deben ser tramitados con prioridad sobre otros asuntos ante su consideración.*

Por último, es de todos conocido que la Regla 3.4 de Procedimiento Civil, 32 L.P.R.A. Ap. III, dispone que los pleitos de alimentos deberán presentarse en la Sala correspondiente a la residencia de la parte demandante. En relación con la mencionada disposición reglamentaria, en *Guadalupe Viera v. Morell*, 115 D.P.R. 4, 10 (1983), expresamos, en lo pertinente, que:

La razón de la disposición de la Regla 3.4, que hemos citado, cuya procedencia la hallamos en el Art. 81 del Código de Enjuiciamiento Civil, 32 L.P.R.A. sec. 407, según enmendado por la Ley Núm. 16 de 21 de abril de 1954, fue expresada en *Millán Rivera v. Solís Lazú*, 85 D.P.R. 478, 482 (1962). Allí señalamos que la enmienda del 1954 al mencionado Art. 81 restauró el anterior concepto de la sede territorial para el caso especial de alimentos de menores por estar ello revestido de "un alto interés público".

Ese interés público no puede ser otro que el de proveer para la litigación de estas acciones el foro más conveniente al bienestar de los menores desde el punto de vista de la rapidez y la economía en el trámite. El lugar de la residencia de los menores es, como regla general, el más conveniente desde estos puntos de vista.

Habiéndose tenido que mudar de domicilio la parte demandante luego de radicada la demanda de alimentos, hecho que fue debidamente acreditado mediante declaración jurada, el tribunal debió haber mantenido en vigor la orden que dispuso el traslado del caso al foro de San Juan por cuanto en la actualidad "el foro más conveniente al bienestar de los menores desde el punto de vista de la rapidez y la economía en el trámite" precisamente lo es dicho foro. *Guadalupe Viera v. Morell*, ante, pág. 10.

Sea cual fuere la razón para la dilación en el trámite acaecida en el presente caso, resulta ser *totalmente inaceptable* que al día de hoy todavía esté pendiente de resolución ante nuestros tribunales de instancia una reclamación de alimentos que fuera radicada el día 5 de mayo de 1988 por una madre y unos hijos que tienen necesidad imperiosa de los mismos. Esa ciertamente no es la justicia que se merecen nuestros conciudadanos.

La ciudadanía puertorriqueña tiene derecho a que los funcionarios judiciales ante quienes comparecen, en busca de que se le haga justicia y se le provean remedios para las situaciones que en un momento determinado le aquejan,

sean funcionarios honrados, honestos y laboriosos que estén siempre prestos a resolver dichos asuntos en forma rápida, imparcial y conforme a derecho. Así actúa la inmensa mayoría de los integrantes de la Rama Judicial puertorriqueña. *Aquellos que no estén en disposición de así actuar, no tienen cabida alguna en nuestro sistema judicial.*