Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL VIII

| | | |
|---|---|---|
| DENISSE G. OTERO LÓPEZ<br><br>*Apelada*<br><br><br>v.<br><br><br>VÍCTOR A. RIVERA SOTO<br><br>*Apelante* | KLAN202400767 | Apelación procedente del Tribunal de Primera Instancia, Sala de Familia y Menores de Bayamón<br><br>Caso Núm.:<br>D DI2008-0121<br>Sala 3006<br><br>Sobre:<br>Divorcio |

Panel integrado por su presidente, el Juez Rivera Colón, el Juez Adames Soto y la Jueza Santiago Calderón

Santiago Calderón, Jueza Ponente

## SENTENCIA

En San Juan, Puerto Rico, a 30 de septiembre de 2024.

Comparece ante nos el señor Víctor A. Rivera Soto (apelante o señor Rivera Soto), mediante recurso de *Apelación* y nos solicita la revisión de la *Resolución*[1] emitida el 11 de julio de 2024 y notificada el 12 de julio de 2024, por el Tribunal de Primera Instancia, Sala de Familia y Menores de Bayamón (tribunal o foro primario). Mediante el aludido dictamen, el TPI denegó reconocer un alegado crédito que el señor Rivera Soto reclama poseer por las cantidades pagadas en exceso por la Administración del Seguro Social (ASS) directamente al hijo menor, en concepto de pensión alimentaria.

Por los fundamentos que discutiremos, ***confirmamos*** la *Resolución* apelada.

## I.

El señor Rivera Soto y la señora Dennisse G. Otero López (apelada o señora Otero López) procrearon al menor P.A.R.O. El 15 de mayo de 2015, el TPI dispuso sobre la obligación del señor Rivera Soto para con su hijo menor de edad P.A.R.O. y estableció una

---

[1] Véase Apéndice F del recurso de Apelación.

Número Identificador
SEN2024_____

pensión alimentaria por la cantidad mensual de $385.00. En ese entonces, la pensión alimentaria se satisfacía con pagos provenientes de beneficios por incapacidad concedidos al señor Rivera Soto por la ASS. Los pagos de la ASS cesaron cuando el menor P.A.R.O. advino a la edad de 18 años, entiéndase, junio de 2022. Sin embargo, a partir de esa fecha, el señor Rivera Soto no realizó pagos de pensión. Así las cosas, el 21 de febrero de 2023, la apelada solicitó que se encontrara incurso en desacato al señor Rivera Soto por este incumplir con el pago de la pensión alimentaria, adeudando la cantidad de $3,591.50.

A solicitud del foro primario, el 20 de julio de 2023, la apelada informó que, a dicha fecha, la cantidad adeudada ascendía a $3,465.00, correspondientes a los pagos vencidos y no satisfechos desde junio de 2022 hasta febrero de 2023. Mientras que, el apelante adujo que la suma de los beneficios recibidos de la ASS por el menor P.A.R.O. ascendían a $38,295.00. Que su responsabilidad alimentaria, según la pensión vigente, era de $385.00, la cual totalizaba $20,405.00, por lo que tenía un crédito a su favor de $17,890.00; por ello, solicitó que se le acreditara dicha cantidad en la ASUME.

Ante ese cuadro, el foro primario ordenó una auditoría en la cuenta de la ASUME. A tales fines, el 2 de octubre de 2023, la ASUME presentó la auditoría, la cual reflejó que la deuda del señor Rivera Soto ascendía a $425.00. Esto, porque la cuenta estuvo cerrada hasta junio de 2023, cuando fue reabierta con una pensión provisional.

El 21 de noviembre de 2023, la señora Otero López presentó *Moción en Cumplimiento de Orden*. En esencia, alegó que no existía controversia alguna sobre que el apelante dejó de realizar los pagos para el período reclamado, sino que, la única controversia a resolver, era determinar si los pagos realizados por la ASS en exceso de la

pensión podrían acreditarse a los pagos futuros de la pensión del menor P.A.R.O.

Ante ello, el foro primario solicitó a cada parte que presentara memorando de derecho. Evaluados los argumentos de las partes, el tribunal determinó que no procedía dar el crédito a favor del apelante, ya que contraviene el Artículo 657 del Código Civil[2].

Inconforme, el 12 de agosto de 2024, el señor Rivera Soto acudió ante nos mediante el recurso de epígrafe, en el que esbozó el siguiente señalamiento de error:

> Erró el Tribunal al abusar de su discreción mediante pasión, perjuicio y parcialidad al no reconocer crédito al apelante por exceso de pago a la pensión alimentaria entendiendo que reclamar dicho crédito pone en posición precaria al menor.

Con el beneficio de la comparecencia de ambas partes, procedemos a resolver.

## II.

### -A-

La obligación de proveer alimentos a los hijos menores de edad es parte del derecho a la vida establecido en el Artículo 2 de la Sección 7 de la Constitución del Estado Libre Asociado del ELA[3]. En virtud de ello, se aprobó la Ley Núm. 5 de 30 de diciembre de 1986, Ley Especial de Sustento de Menores, según enmendada[4].

La obligación de los padres de alimentar a sus hijos no cesa automáticamente por el mero hecho de que éstos hayan advenido a la mayoría de edad. Este principio está contenido en la Ley 5, la cual dispone que "[e]n el caso en que la salud física o emocional del

---

[2] Artículo 657—Naturaleza del derecho a recibir alimentos. (31 LPRA § 7535). El derecho a recibir alimentos es personalísimo, imprescriptible, continuo e indivisible. No puede ser objeto de transacción, renuncia, gravamen o embargo. Tampoco puede compensarse la cantidad adeudada por dicho concepto con la que el alimentista deba al alimentante. Si el Estado asume la obligación de pagar los alimentos ante la morosidad o incumplimiento del alimentante, puede reclamar de este hasta la cantidad adelantada al alimentista.
[3] Const. PR, Art. 2, Sec. 7, 1 LPRA. *Rodríguez Rivera v. De León Otaño*, 191 DPR 700 (2014) *Fonseca Zayas v. Rodríguez Meléndez*, 180 DPR 623, 632 (2011); *McConnell v. Palau*, 161 DPR 734, 745 (2004).
[4] 8 LPRA secc. 501 *et seq.* ("Ley 5"). *Rodríguez Rivera v. De León Otaño, supra.*

menor, así como sus necesidades y aptitudes educacionales o vocacionales lo requieran, la obligación de los padres podría continuar hasta después que el alimentista haya cumplido la mayoridad"[5].

"[N]i la emancipación ni la mayoría de edad de los hijos releva al padre de su obligación de alimentarles si aquellos lo necesitaren"[6]. Esta obligación de alimentar a los hijos se funda en los principios universalmente reconocidos de solidaridad humana asociados al derecho natural y es imperativo de los vínculos familiares[7]. Dicho deber de alimentar está reglamentado en los Artículos 653–657 del Código Civil de Puerto Rico[8].

Por lo anterior es que existe un alto interés público de asegurar el cumplimiento del deber de prestar alimentos, toda vez que el derecho de los menores a recibir alimentos es uno consustancial al derecho a la vida[9].

**-B-**

Nuestro Tribunal Supremo ha explicado la aplicabilidad del *Social Security Act* en casos como el de epígrafe.  La Sección 202 (d) (1) del *Social Security Act*[10], establece que los hijos menores dependientes de las personas incapacitadas bajo dicho estatuto tienen derecho a recibir un beneficio económico. De esa manera, los hijos menores que reciben un beneficio económico bajo la referida ley son considerados como beneficiarios de los fondos que reciben sus padres bajo el *Social Security Act, supra*. Bajo el palio de la Sección 202 del *Social Security Act, supra*:

> *"the children of parents who have become disabled, or have retired or died, can be eligible for dependent social security benefits, and receipt of such benefits by children, or their representative payees, has frequently given rise to claims of*

---

[5] 8 LPRA secc. 503.
[6] *Sosa Rodríguez v. Rivas Sariego,* 105 DPR 518, 523 (1976).
[7] *Rodríguez Avilés v. Rodríguez Beruff,* 117 DPR 616, 621 (1986).
[8] 31 LPRA secc. 7531.
[9] *Becerra v. Monteserín,* 178 DPR 1003 (2010); *Chévere v. Levis,* 150 DPR 525 (2000); *Martínez v. Rodríguez,* 160 DPR 145 (2003); *Argüello v. Argüello,* 155 DPR 62 (2001).
[10] 42 USC. secc. 402.

*credit by parents, or their estates, who have been ordered to support these children"*[11].

Como apunta el mencionado autor, el beneficio de seguro social que reciben los hijos menores a raíz de una incapacidad de algún padre, ha generado que los padres obligados a pagar pensiones alimentarias a sus hijos reclamen un crédito a base del susodicho beneficio. Como corolario de lo anterior, en la gran mayoría de las jurisdicciones estadounidenses se han litigado y resuelto casos concernientes al referido asunto[12]. Así, la gran mayoría de las jurisdicciones estatales en los Estados Unidos, así como Puerto Rico, han concedido créditos al padre/madre no custodio por los beneficios que recibe su hijo menor de edad para <u>efectos del cálculo de la obligación de pensión alimentaria</u> cuando el menor recibe el beneficio del seguro social como consecuencia de la incapacidad de ese mismo padre/madre no custodio[13].

*Igualmente, es importante mencionar que la casuística norteamericana ha sido consistente al establecer que el beneficio de seguro social que reciben los menores por la incapacidad de sus padres es parte de los ingresos de estos y no de los padres*[14].

En lo referente al pago de alimentos mediante la pensión del seguro social, el pago a través de la pensión del seguro social es judicialmente válido y aceptable, pues ello no implica que se esté compensando la obligación de pagar alimentos, sino que, simplemente, es a través del mismo que el alimentante está satisfaciendo parte sustancial de la pensión[15]. Ello, porque los beneficios del seguro social son ingresos que sustituyen la pensión original, mediante los cuales el alimentante continúa cumpliendo

---

[11] Michael A. DiSabatino, J. D., Right to credit on child support payments for social security or other government dependency payments made for benefit of child, 34 A.L.R.5th 447, 463 (1995).
[12] *Íd.*
[13] Véase *Torres Rodríguez v. Carrasquillo Nieves*, 177 DPR 728, 744-746 (2009).
[14] *Torres Rodríguez v. Carrasquillo Nieves, supra,* pág. 750.
[15] *Martínez v. Rivera Hernández,* 116 DPR 164 (1985).

con su obligación de alimentar, toda vez que este tipo de beneficios a menudo se originan de cotizaciones a dicho sistema impuestas sobre el esfuerzo y trabajo del alimentante[16].

Por lo tanto, "[e]l beneficio del seguro social que reciben los hijos menores dependientes por la incapacidad del padre alimentante puede acreditarse a la obligación del padre no custodio de proveer una pensión alimentaria"[17].

El fundamento para acreditar el beneficio del seguro social de los hijos menores a la obligación del padre alimentante incapacitado es que tales beneficios son producto de los ingresos que generó el padre alimentante durante su vida laboral[18]. De hecho, en *Brea v. Pardo*[19], se reconoció que el beneficio de seguro social se originaba de cotizaciones a dicho sistema impuestas sobre el esfuerzo y trabajo del alimentante. La condición de sustituir los beneficios del seguro social por la pensión alimentaria es que el padre alimentante sea quien reciba, junto a sus hijos menores, el beneficio por incapacidad del seguro social. Solamente así se justifica la acreditación de dicho beneficio a la pensión alimentaria, al imputarse como ingreso del alimentante[20].

### III.

El apelante argumenta que el tribunal incide al determinar que no procede el crédito por los pagos realizados en exceso a la responsabilidad establecida en la pensión alimentaria. Al verificar la normativa vigente, colegimos que el foro primario correctamente rechazó la pretensión del señor Rivera Soto de que se acreditaran los pagos en exceso que por algunos años realizó contra sus obligaciones futuras de pagar una pensión mensual al menor

---

[16] *Brea v. Pardo*, 113 DPR 217, 226 (1982).
[17] *Martínez v. Rivera*, 116 DPR 164 (1985), reiterado en *Torres Rodríguez v. Carrasquillo Nieves, supra*, págs. 745-746.
[18] *Torres Rodríguez v. Carrasquillo Nieves, supra*, pág. 746.
[19] *Brea v. Pardo, supra*, pág. 226.
[20] *Torres Rodríguez v. Carrasquillo Nieves, supra*, pág. 748; véanse, además, *United States v. López*, 513 U.S. 549 (1995); *Thompson v. Thompson,* 484 U.S. 174 (1988).

P.A.R.O. Es decir, si un alimentante que está al día en el pago de la pensión alimentaria paga más de lo que está obligado a pagar en determinado mes, tal como el tribunal concluyó, este exceso no puede considerarse como un pago acreditable contra mensualidades futuras. De lo contrario, se estaría interviniendo indebidamente con las expectativas razonables del custodio quien cuenta con una mensualidad fija, presente y futura, "para poder cumplir con los compromisos contraídos", y se "causaría una desastrosa e inaceptable inestabilidad … que no debe ser permitida"[21].

Aun de considerarse un pago en exceso, dicha cuantía no puede ser reclamada contra las mensualidades futuras de alimentos, como pretende el señor Rivera Soto[22]. Esta norma es también cónsona con la prohibición de transigir alimentos futuros[23]. Por lo anterior, concluimos que, el error señalado por la parte apelante no fue cometido.

## IV.

Por los fundamentos antes expuestos, los cuales hacemos formar parte de esta Sentencia, se confirma la *Resolución* apelada.

Notifíquese.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones

---

[21] *Vázquez v. López*, 160 DPR 714, 727 (2003).
[22] *Toro Sotomayor v. Colón Cruz, supra*, pág. 540; véanse, además, *Figueroa Robledo v. Rivera Rosa, supra*; *López Martínez v. Yordan*, 104 DPR 594 (1976). En otras palabras, el apelante puede reclamar su crédito mediante una acción personal de reembolso.
[23] Artículo 1502—Objeto ilícito. 31 LPRA secc. 10646; *Toro Sotomayor v. Colón Cruz, supra*, págs. 542-543.