ISMAEL RODRÍGUEZ SANABRIA, demandante y recurrido, *v.*
AWILDA SOLER VARGAS, demandada y peticionaria.

*Número:* CE-93-571      *Resuelto:* 27 de abril de 1994

*José A. Feliciano*, abogado de la peticionaria.

EL JUEZ ASOCIADO SEÑOR FUSTER BERLINGERI emitió la opinión del Tribunal.

Nos toca resolver si procede la imposición de intereses por mora cuando un tribunal, por un craso error, suspende el pago de una pensión alimentaria a un padre que había incumplido reiteradamente con su deber de proveer sustento a sus hijos menores de edad.

I

Decretado el divorcio de Ismael Rodríguez y Awilda Soler por la causal de trato cruel, el foro sentenciador le impuso a aquél el pago de la pensión alimentaria correspondiente para los hijos menores habidos en el matrimonio. Luego del divorcio, durante doce años, Rodríguez incurrió en un patrón de craso y reiterado incumplimiento con su deber de proveer alimentos a sus hijos menores, obligando a la señora Soler —en múltiples ocasiones— a acudir a los tribunales con las correspondientes mociones de desacato para lograr el pago de las pensiones adeudadas.

La última vez que Soler acudió al foro judicial para solicitar el pago de la pensión adeudada, Rodríguez alegó como defensa que no mantenía relaciones saludables y efectivas con sus hijos. Ello dio lugar a que el 20 de septiembre de 1988, el foro de instancia (Hon. Ángel D. Ramírez Ramírez, Juez) dictara una resolución en la cual ordenaba la suspensión del pago de las pensiones alimentarias

adeudadas y el pago de las pensiones futuras, hasta que se revisasen las relaciones paterno-filiales de Rodríguez con sus hijos y se dilucidara el asunto. Soler, entonces, acudió mediante *certiorari* ante nos. Lo expedimos y, mediante sentencia el 2 de abril de 1992 revocamos la resolución recurrida. Determinamos, entonces, que en dicho caso "[l]o que procedía era la celebración de una vista donde se dilucidara lo relativo a las relaciones paterno-filiales, *sin suspender mientras tanto el pago de la pensión alimenticia*". (Énfasis en el original.) Apéndice, pág. 20. En nuestra sentencia, hicimos hincapié en que el recurrido había desatendido, con frecuencia intolerable, su deber moral y jurídico de pagar las pensiones alimentarias adeudadas e intimamos que el tribunal de instancia había cometido un claro y serio error al suspender el pago de la pensión.

Luego de nuestra sentencia aludida, la señora Soler compareció ante el foro de instancia para solicitar una vista de desacato. En esencia, adujo que, de acuerdo con nuestra sentencia, procedía la celebración de una vista de desacato para evaluar el incumplimiento de Rodríguez con las pensiones alimentarias adeudadas a sus hijos. Además, *solicitó que el tribunal ordenase el pago de intereses legales sobre la suma adeudada.*

Celebrada la vista solicitada, el tribunal emitió una resolución donde determinó que Rodríguez adeudaba la suma de $16,000 en concepto de pensiones alimentarias atrasadas. Quedó pendiente de adjudicación una deuda adicional, la cual sería evaluada con posterioridad por el tribunal. El tribunal ordenó a Rodríguez continuar pagando la pensión regular fijada de $300 mensuales. *Nada dispuso en cuanto al pago de los intereses legales solicitados.*

Soler compareció entonces otra vez ante el foro sentenciador para solicitar que se fijara el pago de intereses adeudados. Concretamente, solicitó del tribunal que le ordenase a su ex esposo el pago de la suma de $9,394.42 por

concepto de los intereses legales acumulados de la pensión adeudada, los cuales no habían sido satisfechos por éste. Rodríguez, a su vez, compareció para oponerse. Alegó que no procedía el pago de la totalidad de dicha suma, puesto que a partir de 20 de septiembre de 1988 no había pagado las pensiones alimentarias por orden del tribunal. A esto, Soler replicó que el cobro e imposición de los intereses legales sobre las pensiones adeudadas era un derecho que le asistía, que no había sido renunciado expresa o implícitamente. El tribunal entonces ordenó a ambas partes que sometieran memorandos de derecho en apoyo de sus posiciones.

En su memorando de derecho, la señora Soler sostuvo que su ex esposo justificaba no realizar el pago total de los intereses legales sobre las pensiones alimentarias adeudadas amparándose en una resolución del tribunal de instancia que este Foro había revocado en su totalidad, y que, por haber sido dejada sin efecto, dicha resolución no tenía validez jurídica, por lo que su ex esposo no podía ampararse en ella para justificar su posición. Por su parte, Rodríguez adujo que la mora, en la cual incurrió, fue consecuencia de haber acatado lo que el Tribunal Superior le había ordenado y que, al haber suspendido los pagos por instrucción del tribunal, no procedía la penalización del alimentante.

Atendidos ambos planteamientos, el foro de instancia dictó resolución y determinó que "[e]n pro de lo que es justo, entendemos que habiendo sido el propio Tribunal el que ordenó la suspensión del pago de las cuotas de la pensión alimenticia futura, el alimentante no incurrió en mora, no habiendo, además, devengado interés legal alguno estas cuotas específicas de la pensión".

De dicha determinación acudió otra vez ante nos la señora Soler, e hizo el siguiente señalamiento de error:

a - Erró el tribunal a quo al eximir al recurrido del pago de los intereses legales por mora durante el período comprendido entre el 20 de septiembre de 1988 y el 2 de abril de 1992.

El 17 de diciembre de 1993 le concedimos un término al recurrido para mostrar causa por la cual no debíamos revocar la resolución recurrida. El recurrido no compareció. Resolvemos según intimado.

## II

En derecho es claro que incurren en mora los obligados a entregar o hacer alguna cosa, desde que el acreedor les exija —judicial o extrajudicialmente— el cumplimiento de su obligación. Art. 1053 del Código Civil, 31 L.P.R.A. sec. 3017. En *Municipio de Mayagüez v. Rivera*, 113 D.P.R. 467, 470 (1982), resolvimos que "es *mandatorio* el que un tribunal, al dictar una sentencia en que ordene el pago de dinero, imponga el pago de interés al tipo legal sobre la cuantía de la sentencia *sin excepción de clase alguna*". También hemos resuelto que "las sentencias y resoluciones en casos de pensiones alimenticias devengan intereses legales por mora". *Martínez v. Rivera Hernández*, 116 D.P.R. 164, 170 (1985).

Por otro lado, en la doctrina civilista, tanto Castán como Puig Brutau han señalado que en el cumplimiento de las obligaciones "sólo es mora el *retraso culpable*" del pago de lo debido. J. Castán Tobeñas, *Derecho Civil español, común y foral*, 10ma ed., Madrid, Ed. Reus, 1967, T. 3, pág. 140. J. Puig Brutau, *La mora o retraso en el cumplimiento (derecho general de las obligaciones)*, en J. Puig Brutau, *Fundamentos de Derecho Civil*, 4ta ed., Barcelona, Ed. Bosch, 1988, T. 1, Vol. II, págs. 412–413. Véase, además, *Valcourt v. Iglesias*, 78 D.P.R. 631, 638 (1955). Toda vez que el foro de instancia relevó a Rodríguez del pago de la pensión a partir de 20 de septiembre de 1988, ¿podría pensarse que su incumplimiento con el deber de alimentar no fue "culposo", como decidió el foro a quo?

A nuestro juicio, las circunstancias muy particulares de este caso exigen una solución distinta a la decretada

por el tribunal de instancia. Nótese que no tenemos ante nos un caso corriente de mora. Se trata, en el caso de marras, de la responsabilidad de un padre con la pensiones alimentarias de sus hijos. Reiteradamente hemos resuelto que los casos de alimentos paterno-filiales están revestidos del más alto interés público. *Rodríguez Avilés v. Rodríguez Beruff*, 117 D.P.R. 616 (1986). La obligación de alimentar que está presente en estos casos " 'tiene su fundamento en el derecho a la vida' ". Íd., pág. 621. *Martínez v. Rivera Hernández*, supra. Se trata, pues, de una obligación primordial cuyo cumplimiento debe exigirse con el mayor rigor.

A la fecha de ser dictada la resolución de instancia de 20 de septiembre de 1988, Rodríguez era ya un deudor consuetudinario de la pensión alimentaria en cuestión, por haber incumplido reiteradamente con su obligación de pagarla. Del expediente ante nuestra consideración surge claramente que el ex esposo de la peticionaria no observó durante años una conducta responsable hacia sus hijos. Por lo tanto, eximirle del pago de los intereses por mora equivaldría a refrendar su conducta crasamente ilegal antes y durante la vigencia de la resolución dictada por el foro de instancia en 1988, la cual era claramente improcedente, según resolvimos al dejarla sin efecto.

■ Los casos de alimentos se fundan en principios reconocidos de solidaridad humana. En el caso de autos, fue la propia conducta de Rodríguez, carente de esa solidaridad, la que provocó la celebración de diversas vistas ante el foro de instancia y eventualmente indujo el dictamen crasamente erróneo de instancia de 20 de septiembre de 1988, el cual beneficiaba a Rodríguez indebidamente. Si ahora eximimos al deudor del pago de intereses, le daríamos viso de legalidad a toda esa conducta irregular de Rodríguez y a la decisión del tribunal de instancia. No podemos favorecer a quien con su conducta ha menoscabado el bienestar de sus propios hijos y también ha inducido al foro

judicial a cometer un error craso. Faltaríamos a la norma que hemos establecido de que los tribunales deben "ser fuertes y rigurosos" en casos en que los padres incumplen crasamente con su deber de alimentar a sus hijos —*Rodríguez Avilés v. Rodríguez Beruff*, supra, pág. 627; *Ex parte Valencia*, 116 D.P.R. 909, 912 (1986)— norma que es especialmente necesaria en nuestros días en vista del gravísimo problema social que encara el país en lo que respecta al incumplimiento del deber de los padres de alimentar a sus hijos.[1] También aplica aquí nuestro anterior pronunciamiento de que, "[c]uando de hacer justicia se trata, no puede haber moldes técnicos que aprisionen los remedios justos". *Sucn. Bravo v. Srio. de Hacienda*, 106 D.P.R. 672, 675 (1978).

Finalmente, es menester indicar que recientemente nuestra Asamblea Legislativa enmendó el Art. 147 del Código Civil, 31 L.P.R.A. sec. 566, a los fines de incorporar al ordenamiento jurídico nuestro pronunciamiento en *Martínez v. Rivera Hernández*, supra, sobre el pago de intereses por mora en casos de pensiones alimentarias. Ahora dicho Art. 147 del Código Civil incluye un tercer párrafo que expresamente y en términos tajantes ordena que:

> Los alimentos concedidos comenzarán a devengar intereses legales por mora, desde el momento en que se dicte la sentencia o si es de mes a mes, desde que venció o debió ser satisfecha la obligación.

Véase la Ley Núm. 131 de 17 de diciembre de 1993 (31 L.P.R.A. sec. 566). Esta enmienda legislativa refleja el par-

---

[1] Estudios realizados por el Departamento de Servicios Sociales de Puerto Rico revelan que Puerto Rico tiene un gravísimo problema relativo al incumplimiento de los padres de su obligación moral y jurídica de alimentar a sus hijos. Dicho Departamento tiene una clientela de aproximadamente 125,000 niños abandonados. Más aún, el Departamento tiene estadísticas y estudios que revelan que 66% de los padres no cumplen con su obligación de alimentar a sus hijos, aunque la mayoría de ellos tienen la capacidad económica necesaria para hacerlo. Véase la Exposición de Motivos del proyecto de ley para crear la Administración para el Sustento de Menores, 1994 Leyes de Puerto Rico 391, 392–464.

ticular interés del legislador en asegurar el más riguroso cumplimiento del deber de los padres de alimentar a sus hijos. El claro mandato legislativo, que consolida nuestros pronunciamientos anteriores sobre el particular, quedaría desatendido si en un caso como el de autos sostuviésemos la posición acomodaticia del padre deudor.

En vista de la convergencia de las particulares circunstancias presentes en este caso, antes explicadas, resolvemos, pues, que Rodríguez incurrió en un retraso culposo y, en consecuencia de ello, el foro de instancia debió imponer los intereses por mora reclamados entre el 20 de septiembre de 1988 y el 2 de abril de 1992.

Por los fundamentos antes expuestos, *se debe modificar la resolución recurrida y ordenarse el pago también de intereses por mora durante el tiempo que estuvo vigente la resolución de instancia, que revocamos mediante sentencia el 2 de abril de 1992.*

*Se dictará sentencia de conformidad.*

El Juez Asociado Señor Hernández Denton concurrió con opinión escrita. El Juez Asociado Señor Rebollo López disintió con opinión escrita. El Juez Asociado Señor Negrón García y la Juez Asociada Señora Naveira de Rodón no intervinieron.

## – O –

Opinión concurrente del Juez Asociado Señor Hernández Denton.

Estamos totalmente de acuerdo con los pronunciamientos generales y con la exposición del derecho aplicable expuestos en la opinión disidente del Juez Asociado Señor Rebollo López. Sin embargo, concurrimos con el resultado al cual llega la opinión del Tribunal debido a que, a diferencia de lo expresado en ambas ponencias, el tribunal de instancia, mediante su Resolución de 20 de septiembre de

1988, no le suspendió el pago de las pensiones futuras al señor Rodríguez.(¹)

En realidad, todo lo que hizo esta resolución fue suspender el pago de las pensiones adeudadas hasta ese momento, sin mencionar las futuras. Existiendo una sentencia previa que ordena a Rodríguez a pagar cierta pensión mensual a sus hijos y al no haber la resolución alterado expresa o implícitamente este dictamen, le tenía que quedar claro a Rodríguez que la deuda se seguiría acumulando, con la obligación correspondiente de pagarla. También debió comprender que todo el beneficio que le daba la resolución era concederle una prórroga respecto al pago de las pensiones hasta ese momento acumuladas, para darle la opción de no pagar y, a la vez, evitar el desacato. Este diferimiento o prórroga no alteró la existencia o magnitud de la obligación alimentaria establecida originalmente.

Como el tribunal de instancia no suspendió el pago de las pensiones futuras a Rodríguez ni le rebajó o eliminó el monto de su obligación alimentaria, éste venía obligado, aun antes de que revocáramos la resolución, a seguir pagando las pensiones que vencieran a partir de la concesión de la prórroga en cuanto a las pensiones ya vencidas. Al no haberlo hecho, tiene ahora que satisfacer los intereses acumulados sobre dicha cantidad.

---

(¹) En lo pertinente, la Resolución de 20 de septiembre de 1988 dispone:

"3.  Según los argumentos vertidos, a este Tribunal se le ha demostrado la imposibilidad del demandante de tener unas relaciones saludables y efectivas con sus hijos, y que si bien es cierto que adeuda pensiones alimenticias, el mismo está en disposición de satisfacer las mismas cuando así lo ordene este Tribunal.

"4.  El demandante adeuda la suma de $4,000.00 por concepto de pensiones alimenticias atrasadas, al mes de agosto de 1988.

"5.  Se le ordena a la demandada que, en un plazo de treinta (30) días, exponga por escrito y bajo juramento a este Tribunal la forma y manera en que se efectuarán las relaciones paterno-filiales en este caso, en atención a lo indicado previamente por los informes sociales, a los fines de disponer para el depósito y pago de las pensiones alimenticias aquí adeudadas." Apéndice, págs. 13–14.

En nuestra Sentencia de 2 de abril de 1992 lo que hicimos fue revocar dicha resolución en cuanto permite el aplazar el pago de pensiones vencidas hasta tanto se determine cómo se conducirán las relaciones paterno-filiales.

## – O –

Opinión disidente emitida por el Juez Asociado Señor Rebollo López.

*No cuestionamos* el irrefutable y sabio principio a los efectos de que "los casos de alimentos paterno-filiales están revestidos del más alto interés público". Opinión mayoritaria, pág. 780. *Tampoco cuestionamos* la aseveración a los efectos de que "[l]a obligación de alimentar que está presente en estos casos 'tiene su fundamento en el derecho a la vida' ". Íd.

*Aceptamos como correcta* la norma jurisprudencial que establece que " 'es mandatorio el que un tribunal, al dictar una sentencia en que ordene el pago de dinero, imponga el pago de interés al tipo legal sobre la cuantía de la sentencia sin excepción de clase alguna" —(énfasis suprimido) opinión mayoritaria, pág. 783— y la sabia norma a los efectos de que " 'las sentencias y resoluciones en casos de pensiones alimenticias devengan intereses legales por mora' ". Íd.

*Ahora bien,* conforme se reconoce en la propia opinión mayoritaria, pág. 783, la doctrina civilista, respecto al asunto de "mora", es a los efectos de que " 'sólo es mora el *retraso culpable*' del pago de lo debido". (Énfasis en el original.)

Es, *precisamente,* debido a ello que *no* podemos suscribir la opinión que emite el Tribunal en el presente caso. *Somos del criterio que nadie puede ser considerado "culpable" de conducta de clase alguna, ni puede ser sancionado o responsabilizado de modo alguno, por razón de obedecer y acatar el dictamen de un tribunal.*

Eso, *llana y sencillamente,* fue lo que hizo el recurrido Rodríguez en el presente caso al abstenerse de satisfacer la pensión alimentaria durante el período de tiempo transcurrido entre la fecha de la resolución que emitiera el Tribu-

nal Superior, suspendiendo el pago de la pensión, y el día en que este Tribunal emitió la sentencia revocando dicha resolución.

No hay duda que el recurrido Rodríguez, como consecuencia de la sentencia originalmente emitida por este Tribunal —revocatoria de la antes mencionada resolución— tiene la obligación de satisfacer la pensión alimentaria, que le fuera impuesta, en relación con el período de tiempo allí en controversia. *Ello no significa, sin embargo, que se le deba penalizar, imponiéndole intereses por mora, por no haberlo hecho en vista de que así actuó siguiendo un dictamen del foro de instancia, la corrección del cual tenía derecho a presumir.*

Si fuera correcto el razonamiento que utiliza el Tribunal para llegar a la conclusión a la que erróneamente llega, el recurrido Rodríguez no sólo vendría en la obligación de pagar intereses por mora sino que, *inclusive*, podría ser encontrado incurso en desacato por la conducta que observó durante el antes mencionado período de tiempo, lo que constituiría, *igualmente*, un absurdo.

*"Hard cases make bad law"*, dijo hace algún tiempo un gran jurista y filósofo del derecho. *La decisión que se emite en el presente caso es un vivo y claro ejemplo de ello.*